U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 3 2010

CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| D.R. HORTON, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-547-A |
| | § | |
| JON LEIBOWITZ, CHAIRMAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendants, Jon Leibowitz, Chairman of the Federal Trade Commission, in his official capacity, and Federal Trade Commission (collectively "FTC"), to dismiss the above-captioned action on, inter alia, the ground that the court lacks subject matter jurisdiction. The court has concluded that the action should be dismissed on that ground.

Federal courts are courts of limited jurisdiction. A plaintiff bringing an action in federal court has the burden to demonstrate the court's jurisdiction over the action. Plaintiff has failed to do so.

Here, the complaint seeks declaratory and injunctive relief related to a civil investigative demand ("CID") served by FTC on

plaintiff in November 2009. Summed up, plaintiff's complaints with the CID are as follows:

> 2. The FTC's conduct in the prosecution of the CID has violated the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), and Horton's constitutional right to due process. The FTC's position with respect to the enforcement of the CID would deprive Horton of liberty and property by hindering Horton's business operations in order to comply fully with the CID. In order to comply fully with the CID, the FTC has emphasized on multiple occasions that essentially every document generated by Horton since January 1, 2006, would be responsive and needs to be produced to the FTC. In addition to the vast amount of documentation this entails, the FTC has further given very short amounts of time within which to produce the responses, varying from 7 days to a few weeks.
>
> 3. In order to comply with the CID in the manner and within the extremely short time periods the FTC has prescribed, Horton would be required to substantially limit its business operations while devoting its attention to compliance with the CID. Horton has provided the FTC with detailed objections as to each of the overly-broad demands in the CID, as well as two declarations from a corporate executive at Horton's mortgage lending affiliate, DHI Mortgage Company, Ltd. ("DHI Mortgage"), describing the manner in which Horton's various offices would need to search for material responsive to the CID, and how compliance in this manner would affect the business operations of the Company.
>
> 4. The FTC's reliance on a sixteen-year-old resolution is further evidence of the FTC's bad faith in pursuing its excessively broad fishing expedition designed to limit Horton's business capabilities.
>
> 5. Despite Horton's continuing efforts to comply with the CID in a reasonable manner that does not

> unduly burden or hinder its business operations, the FTC has insisted on enforcing an impermissibly broad CID in excess of its statutory authority and in violation of the Due Process clause of the United States Constitution.

Compl. at 1-2.

Plaintiff seeks by its complaint (1) declarations that (a) FTC violated the Administrative Procedure Act ("APA") by issuing the CID in reliance on a sixteen-year-old resolution, and by issuing a CID demand that is too indefinite, impermissibly overbroad, unreasonable, and irrelevant to FTC's stated purpose and in excess of the authority granted to it by the resolutions upon which FTC relied in issuing the CID, (b) the process used by FTC in evaluating and denying plaintiff's administrative petitions for relief violated the APA and plaintiff's constitutional due process rights, and (c) FTC's enforcement of the CID violates plaintiff's constitutional due process rights, (2) an order enjoining FTC from enforcing the CID, and (3) an order quashing and/or modifying the CID. In support of subject matter jurisdiction, plaintiff alleges that the action arises under the Constitution and laws of the United States, and that the court has federal jurisdiction over the action pursuant to Article III of the United States Constitution and 28 U.S.C. § 1311. Id. at 3, ¶ 9. Plaintiff adds a contention that its

"right to immediate judicial review in this Court with respect to FTC's conduct is based on the APA, and the Federal Declaratory Judgment Act . . ., as well as the Due Process Clause of the Fifth Amendment to the United States Constitution." Id. at 4, ¶ 10.

Defendants move to dismiss on the grounds that the court lacks subject matter jurisdiction, that venue in this judicial district is improper, and that the complaint fails to state a claim upon which relief can be granted. The court has concluded that there should be a dismissal for lack of subject matter jurisdiction, and that the court need not evaluate the merits of the other grounds.

For plaintiff to demonstrate that the court has subject matter jurisdiction over defendants, plaintiff must establish that there has been a waiver of sovereign immunity. See Taylor-Callahan-Coleman Counties v. Dole, 948 F.2d 953, 956 (5th Cir. 1991). In a case such as this, if a waiver is to be found, it must be in the APA, which does not make every agency action subject to judicial review. Id. A court will not have subject matter jurisdiction over a federal administrative agency's action unless it is an "[a]gency action made reviewable by statute" and

4

is a "<u>final agency action</u> for which there is no adequate remedy in a court." <u>Id.</u>; 5 U.S.C. § 704 (emphasis added).

FTC focuses in the jurisdiction section of its motion on the "final agency action" language, maintaining that the activities of which plaintiff complains (issuance of the CID and failure to give plaintiff relief from the CID) are not final agency actions. No contention is made that those actions are reviewable by statute; thus, the court now directs its attention to the test for the determination of whether an agency action is a "final agency action." The Fifth Circuit has interpreted language used by the Supreme Court in <u>Abbott Laboratory v. Gardner</u>, 387 U.S. 136, 150-52 (1967), to be a directive that the factors significant in determining the finality of agency action are:

> First, whether the challenged action is a definitive statement of the agency's position; second, whether the actions have the status of laws with penalties for noncompliance; third, whether the impact on the plaintiff is direct and immediate; and fourth, whether immediate compliance was expected.

<u>Dole</u>, 948 F.2d at 958.

While the agency actions challenged by plaintiff could be characterized as definitive statements of FTC's position on the need for plaintiff to comply with the CID, plaintiff cannot

reasonably contend that those actions have the status of laws with penalties for noncompliance, that the impact on plaintiff is direct and immediate, or that immediate compliance was expected. As the government notes in its motion documents, the CID is not self-executing, and may only be enforced by a district court in an enforcement proceeding brought by FTC. See Atlantic Richfield Co. v. F.T.C., 546 F.2d 646, 649 (5th Cir. 1977). Thus, noncompliance with the CID would not, standing alone, lead to penalties for noncompliance, nor would the impact of the CID on plaintiff be direct and immediate, bearing in mind the option plaintiff had, and still has, to require FTC to file an enforcement action as a condition to compliance. Immediate compliance might have been desired by FTC, but undoubtedly was not expected because of FTC's awareness that it cannot enforce compliance short of institution and successful pursuit of an enforcement action in which plaintiff will be entitled to assert all of its reasons why it should be relieved in whole or in part from compliance with the CID.

In principal, the positions plaintiff takes in the instant action do not differ from the positions taken by the plaintiffs in Veldhoen v. U.S. Coast Guard, 35 F.3d 222 (5th Cir. 1994). In Veldhoen, the Fifth Circuit said that "[a]n agency's initiation

of an investigation does not constitute final agency action" and that "[a]n attack on the authority of an agency to conduct an investigation does not obviate the final agency action requirement." Id. at 225. The Fifth Circuit also recognized in Veldhoen that there can be exceptions to the finality requirement, such as a claim that an agency action is in plain contravention of a statutory mandate. id. at 225; however, the court is not persuaded that any exception is applicable here.

The court agrees with plaintiff that the CID appears on its face to be unconscionable, overburdensome, and abusive. The CID is so broad that it indicates that no meaningful discretion was exercised by the FTC officials who prepared it. As plaintiff suggests, the CID appears to have the potential to cause plaintiff to suffer intolerable financial and manpower burdens and an inexcusable disruption of its normal business activities. Unfortunately from plaintiff's standpoint, this court simply has no power to grant plaintiff the relief it seeks. Plaintiff has not come before the court complaining of final agency actions. Paraphrasing language used by the Fifth Circuit in Jobs, Training & Services v. East Texas Council, 50 F.3d 1318, 1325 (5th Cir. 1995), "[g]iven the absence of final agency action, the district court [is] without subject matter jurisdiction to entertain any

of [plaintiff's] claims against [FTC]."  Presumably in any action FTC might file for enforcement of the CID, plaintiff will be in a position to fully present and obtain adjudications of its complaints with the CID and the apparent overreaching of FTC.

For the reasons given above,

The court ORDERS that the motion of defendants be, and is hereby, granted on the ground that the court lacks subject matter jurisdiction, and that the above-captioned action be, and is hereby, dismissed for that reason.

SIGNED November 3, 2010

_____
JOHN McBRYDE
United States District Judge